# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL MUNSON; LA NEDRA MUNSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>　　　　　Defendants. | CASE NO. 12cv1546 JM(NLS)<br><br>ORDER GRANTING MOTION TO DISMISS |

Defendants The Bank of New York Mellon (fka The Bank of New York), Mortgage Electronic Registration Systems, Inc., and Bank of America, N.A. (Successor by merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing L.P.) move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, for a more definite statement pursuant to Fed.R.Civ.P. 12(e). Plaintiffs Darryl and La Nedra Munson did not file an opposition nor a statement of non-opposition as required by Local Rule 7.1(e)(2). Pursuant to Local Rule 7.1(d)(1), the matters presented are appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss all claims. The Clerk of Court is instructed to close the file.

## BACKGROUND

On June 22, 2012, Plaintiffs commenced this federal question action by alleging three federal

claims for declaratory relief pursuant to 28 U.S.C. §2201, 2202, violation of the Helping Families Save Their Homes Act ("HFSTHA"), 15 U.S.C. §1641(g), and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq. Plaintiff also asserts supplemental jurisdiction over eleven state law claims for negligence, quasi contract, violation of Cal. Bus. and Prof. Code §§17200 and 17500, accounting, constructing trust, wrongful foreclosure, to void trustee's deed upon sale, quiet title, breach of contract, and civil conspiracy.[1]

Plaintiffs' claims arise from a loan obtained from Countrywide Bank N.A. at the peak of the housing bubble on January 6, 2006. (Compl. ¶25). The loan, in the amount of $937,500, was secured by a deed of trust recorded against real property located in Valley Center, California. (RJN Exh. 1). The loan was subsequently assigned to The Bank of New York Mellon fka The Bank of New York as Successor to JP Morgan Chase Bank, N.A. as Trustee of SAMI II 2006-AR3 ("BONY"). (RJN Exh. 2).

Plaintiffs defaulted on the loan and, on June 20, 2008, a Notice of default and Election to Sell Under Deed of Trust was recorded against the property. (RJN Exh. 3). Plaintiffs failed to cure the default; and on June 11, 2012, the property was sold at a trustee's sale. (RJN Exh. 5).

In broad brush, Plaintiffs allege that the securitization of their loan was ineffective because, among other things, the note at issue did not include "a complete chain of endorsements" and that the failure to deposit the Note and Deed of Trust into the trust violated New York trust laws. (Compl. ¶44). As every subsequent assignment was allegedly invalid, Defendants "unlawfully collect[ed] Plaintiffs' mortgage payments." (Compl. ¶51). Plaintiffs also allege that once they fell two months behind in mortgage payments, "Defendants failed to put Plaintiffs into a modification agreement that would have cured any alleged default and would have been an absolute defense to foreclosure." (Compl. ¶65).

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases.

---

[1] The court notes that the complaint identifies the Central District of California as the location where the complaint was filed even though the complaint was filed in the Southern District of California.

1  United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief
2  only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a
3  cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts
4  should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to
5  raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555
6  (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief);
7  Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than
8  permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to
9  a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted
10 unlawfully." Id. at 1949. Thus, "threadbare recitals of the elements of a cause of action, supported
11 by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the
12 complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy.
13 Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however,
14 consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard
15 Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).
16     Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha
17 v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly,
18 courts must accept as true all material allegations in the complaint, as well as reasonable inferences
19 to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However,
20 conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6)
21 motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).
22 **The Federal Claims**
23     The Fourth Cause of Action
24     Plaintiffs allege that Defendants violated the HFSTHA by failing to comply with the Truth in
25 Lending Act. Defendants come forward to show that HFSTHA does not require loan servicers to
26 engage in loan modifications. Jones v. Premier One Funding, Inc., 2010 WL 841277, *3 (N.D. Cal.
27 2010). Furthermore, HFSTHA does not "give rise to a private right of action." Cook v. One West
28 Bank FSC, 2009 WL 5218054, *2 (E.D. Cal. 2009). Accordingly, the court grants the motion to

1  dismiss this claim.

2      In light of these authorities, the court construes Plaintiffs' failure to respond as non-opposition
3  to dismissal of this federal cause of action with prejudice and without leave to amend.

4      <u>The Fifth Cause of Action</u>

5      This cause of action alleges that Defendants violated the FDCPA by seeking to collect the loan.
6  Here, the FDCPA does not apply to Defendants because BONY, as assignee of the loan, is seeking to
7  collect its own debt and BAC, the loan servicer, is not a debt collector for purposes of the FDCPA.
8  <u>Diessner v. Mortg. Elec. Registration Sys.</u>, 618 F.Supp.3d 1184, 188 (D. Ariz. 2009).

9      In light of these authorities, the court construes Plaintiffs' failure to respond as non-opposition
10 to dismissal of this federal cause of action with prejudice and without leave to amend.

11 **The State Law Claims**

12     The court finds the eleven state law causes of action fail to state a claim for the reasons set
13 forth by Defendants and as acknowledged by Plaintiffs' failure to respond to Defendants' motion. The
14 court dismisses all state law claims for negligence, quasi contract, violation of Cal. Bus. and Prof.
15 Code §§17200 and 17500, accounting, constructing trust, wrongful foreclosure, to void trustee's deed
16 upon sale, quiet title, breach of contract, and civil conspiracy.

17     In sum, the court dismisses all claims alleged by Plaintiffs. The Clerk of Court is instructed
18 to close the file.

19     **IT IS SO ORDERED.**

20 DATED: October 15, 2012

21                                _____
22                                Hon. Jeffrey T. Miller
                               United States District Judge